Ruffin, C. J.
The opinion of the Court is, that the judgment ought .to be affirmed. As the suit was comment ced by warrant before a Justice of the Peace, on which, the' ■proceedings are summary, the question arises without any special plea on the facts agreed. In them, there is nothing, we think, rendering this bond void, as being founded On an *226 illegal and vicious consideration. It is not stated, whether the corporation has been organised or not. If it has not, then clearly the plaintiff must recover on a voluntary bond, executed to him by the defendant, as there is no statute declaring it void. But it is the same if the charter took effect, by the requisite amount, including the defendant’s stock, having been subscribed and a due election of a President and Directors. For, giving the defendant the benefit of presuming all the facts he can ask, which are that the bond was taken for the first instalment on five shares of stock subscribed by him and was made payable to the plaintiff in trust for the corporation, still that would not vitiate the bond. The provisions of the charter, material to the question, are, that the subscriptions are to be received for $1,600,000 in> shares of $100, as the capital stock of the Wilmington and Manchester Rail Road Company; and certain commissioners, of whom the plaintiff was one, are appointed to receive the subscriptions; and upon each share of stock subscribed, the subscriber is to pay to the commissioners taking the same, $5, and on non payment of said instalment, the subscription shall be void. Then it provides, that, upon the subscription of $300,000, in manner aforesaid, the company is declared to be incorporated, and a general meeting of the proprietors of the stock shall be called, and the President and Directors elected, and in such meeting and others, afterwards, each share of stock shall be entitled to a vote; and, in a subsequent part, it author-ises a sale of the stock of delinquent stockholders, and also suits against such delinquents for their instalments. We see nothing in any or all of those provisions to avoid this deed of the defendant. It is true, the act says his subscription was void unless he paid the first instalment. That only proves, that no recovery could be had on the subscription. But it does not show, that if, instead of paying cash, he got a'receipt for it by giving his'bond, the bond would be also void. To invalidate the bond it is not sufficient *227 that it is without consideration; but there must be an unlawful and vicious consideration. No one would impute such a consideration to this bond, were it not for the words in the Statute, that on non payment of the first instalment' the subscription shall be void. But they cannot have that effect. The provision was intended manifestly to prevent persons who were nominal subscribers merely and had paid nothing, from coming forward at the general meeting for the organization of the Company, and claiming to have a vote for every share standing in their names. The purpose was to protect real stockholders from such men of straw. It was, moreover, meant to protect men from the consequences of making such subscriptions under the influence of momentary excitements, which they could not fulfil. It gave them a locus penitentiae, until they deliberately chose to confirm the subscription by making the requisite payment on it. The meaning was, that, until such payment, the one party should have no voice in the concerns of the Company, and the other party should not be able to recover the charter price of the share. That, it seems to the Court, was the whole scope and purpose of the provision. It is a shield to the one class of subscribers against another, and that merely. It involves no matter of public policy or morals, more than any other contract between private or corporate bodies. The law, for example, says, that a parol contract for the sale of land is void. It says so, no doubt, as a matter of policy; but it is a policy affecting private rights, and does not involve the interest of the community, as such. But, although such a contract be void, yet if the purchaser give his bond for the price, that bond is not void. Nor, if the other party, though not bound, give a deed for the land, will that be void. So, in this case, the defendant could not have been compelled to pay the $5 a share by foroe of the subscription, yet if he and the other subscribers chose to waive the provisions thus made for their benefit respectively, and agreed, that,, upon his giving bond for the *228 same, it should be taken as cash, and he admitted into the Company, and he deliberately does so, it is not seen that any principle of law or justice is violated, or that there is any reason why he should not pay this as much as any voluntary bond. The State has no concern in the question as now presented, which simply involves the enquiry, whether this or that man is one of these corporators, and not any breach of good morals or public weal. The bond, therefore, is not impeached, and the plaintiff is entitled to .judgment on it.